DeadeRIck, J.,
delivered tbe opinion of the Court.
Plaintiffs brought suit in the Circuit Court of Haywood county against defendants upon an account. The plaintiffs being non-residents of the State proved their account, by making affidavit of *450 its correctness, under the provision of section 3780 of the Code.
The defendants pleaded “nil debet” and payment. The pleas were not sworn to, nor was the justice of the account otherwise denied on oath. The plaintiffs, however, took issue upon the pleas of defendants, and went to trial without taking any exception to the failure of defendants to deny on oath the justice of the account sued on.
This statute was intended for the benefit of plaintiffs who were not residents of the State, or of the county in which the suit was bought, and the plaintiffs, by taking issue upon the pleas tendered, without affidavit by the defendants denying the justice of the account, and by submitting the cause to the jury upon those issues, without objection, waived the benefit of the provisions of the Code in their favor.
Upon the trial, it appeared that one Powers, a salesman and collecting agent of plaintiffs, was on his way to collect this debt, having authority to do so from his employers, when he proposed to one Turpin, if he would pay the account, he would deduct from the amount of it, what would be the expense to him of going to and returning from the place of business of defendants. Turpin had seen Vail a short time before, and was informed by him that he had the money ready to pay plaintiffs, and wished Powers would come and get it, and he paid the account to Powers, deducting his necessary expenses, in going to defendant’s place of residence, twenty *451 miles distant. Turpin liad not been requested by defendants to pay this particular debt, but was upon intimate personal and business relations with them, and had before that paid out money for them, and they had paid out money for him, and owing to their friendly personal and business relations, and to other similar transactions between them, he felt authorized to pay this debt. Powers absconded with the money collected, and this suit is brought to recover it of defendants.
The proof shows that Powers was authorized to travel and sell groceries for plaintiffs, and to collect money for them.
The plaintiffs insist that the court erred in instructing the jury as follows:
The court stated to the jury, that any payment by Turpin to Powers, unless requested by defendants, would not be a good one',' but they could take all the circumstances into consideration — the intimacy between the parties, any former transaction of similar character, and if they thought Turpin was authorized to pay the account, his payment would be good.
The jury returned a verdict for defendants, and plaintiffs appealed in error to this Court.
We do not think there .was any error in the instructions given to the jury. The question of fact submitted to them was certainly presented as favorably to plaintiffs as they could rightfully claim.
There can be no doubt of the authority of *452 Powers to collect the money. Practically it can make no difference to plaintiffs whether the money which his agent is authorized to receive is paid directly by the debtors themselves, or whether the payment is made by a third party assuming to act for them.
If it be necessary in such a case that the party who pays the money for the debtors, as between the creditors and such party, should have had authority from the debtors to make such payment, very slight evidence will suffice, there being no evidence of any fraudulent intent to establish an agency for such purpose.
“The acts and conduct of the principal evincing an assent to the act of the agent, are interpreted liberally in favor of the latter: 2 Gr. Ev. § 66.
“Proof that one was in the habit of signing policies in the name and as the agent of another, and with his knowledge, is evidence of his authority to sign the particular policy in question, and if the principal has been in the habit of paying the losses upon the policies so signed in his name, this has been held sufficient proof of his -agency, lb.”
So we think it was proper to allow the proof to go to the jury that Turpin had been in the habit of paying money to others for defendants, as well as proof of their personal and business relations, and we are of opinion that the jury were warranted from these. fact® in inferring authority *453 in Turpin to make the payment to Powers for defendants.
They do not contest his authority, nor can the plaintiffs do so under the facts of the case.
It is further insisted that- the Court erred in excluding from the jury a letter alleged to have heen written by defendants to plaintiffs.
Ho evidence was offered to show that the. letter was in the handwriting of defendants. The letter was, therefore, properly excluded.
Let the judgment of the Circuit Court he affirmed.