## THEODORE SEIFREID *vs.* PEOPLE'S BANK.

### April Term, 1874.

PLEADING—IRREGULARITY—WAIVER.—In pleading, a positive step on the basis of the regularity of a previous pleading waives any irregularity therein.

SAME—GENERAL REPLICATION TO PLEA.—The actual filing of a general replication to a plea is probably dispensed with by our statutes, but such a replication would be matter of form—not substance—and the court would permit it to be filed at any time, upon objection raised, or intend it under the statutes of jeofails.

CASE IN JUDGMENT.—Where the defendant to an attachment bill filed a plea in abatement, the oath to which was defective, and also an answer, and the cause, after remaining the usual time for proof, was regularly transferred to the trial docket, called, and tried, it was held that the complainant had waived the irregularity, and the defendant was entitled to the benefit of both plea and answer.

STATUTE OF FRAUDS—TRUST DEED—DESCRIPTION OF LAND.—It seems that a deed of assignment for the benefit of creditors, which conveys "all the lands, tenements, etc., of every nature and description, belonging to" the grantor, a bank, is sufficient to pass all the bank's realty.

*John Ruhm,* for complainant.

*G. P. Thruston,* for defendant.

THE CHANCELLOR:—The complainant, as a creditor of the defendant, files this attachment bill to reach the estate of the defendant, upon the ground that the defendant " has fraudulently disposed of, or is about fraudulently disposing of, all its property." The bill alleges that the defendant has conveyed to one G. P. Thruston, as trustee for creditors, "with the intent of hindering, delaying, and defrauding its creditors," the whole of its property except an undivided one-third interest in certain realty described, and the attachment was levied upon this interest. The bill avers that the conveyance to Thruston mentions real estate, but so vaguely as to be void for uncertainty as to the realty in question.

The defendant filed a plea, and an answer in support thereof. The plea is a denial of the grounds for the attachment. The answer says that defendant, " not waiving his foregoing plea, but relying thereon, and, for better support-

2

ing the same, repeats its denial of all charges of fraud," and of the charge that the trust conveyance to Thruston was made to hinder and delay creditors, and undertakes to detail the circumstances attending the making of the deed, and why the description of the land mentioned therein was not more specific; insisting, however, that the conveyance covers the land attached. The affidavit to the plea and answer is made by the cashier of the defendant, and avers "that the statements in the foregoing plea and answer are true to the best of his knowledge, information, and belief." The plea was not set for hearing on its sufficiency, nor did the complainant move to take it off the file, nor file any replication to it. The complainant has taken no proof, and the defendant has only filed the deed of trust to Thruston. The cause has been regularly transferred by the clerk to the trial docket, under §§ 4401 and 4431 of the Code, and has now been called for hearing, and the papers read to the court.

The position of the learned counsel for the complainant, assumed in argument, is that the affidavit to the plea is defective under the requirements of § 2901 of the Code, and he had the right to treat it as a nullity. That, being a nullity, the denial of the ground of attachment could not be made by answer, and no proof was required from him to sustain the bill, relying in support of this position on *Tarbox* v. *Tonder*, 1 Tenn. Ch. 163, and cases there cited. If, indeed, the defence relied on by the defendant could only be made by plea in abatement, the question whether the defendant is in a situation to rely upon its plea is obviously important.

Our courts have always treated pleas like the one before us as pleas in abatement, and, therefore, subject to the requirement of the act of 1794, 1, 26, carried into the Code, § 2901—that its truth must be " verified by the oath of the party, or otherwise "—and the further requirement, as settled by judicial construction, that the oath must be positive—not upon information or belief. *Trabue* v. *Higden*, 4 Coldw. 623; *Freidlander* v. *Pollock*, 5 Coldw. 495; *Bank of Ten-*

*nessee* v. *Jones*, 1 Swan, 391. The affidavit to the plea in this case does not conform to these requirements, and is defective.

The rule at law is that a plea in abatement not properly verified may be treated as a nullity. *Young* v. *Stringer*, 5 Hayw. 32. But this means that the plaintiff may move to take it off the file, or demand judgment at the proper time, as if there were no plea. *Trabue* v. *Higden*, 4 Coldw. 624. It is not an absolute nullity, for the verification may be amended, as was done in the case just cited, and the very object of requiring some step on the part of the plaintiff, evidencing an intention to treat it as a nullity, is to give the defendant the opportunity of amending. If the plaintiff should take issue upon the plea, it would, upon principle, be a waiver of the defect, and so it has been expressly held, in such a contingency, in equity. *Wilson* v. *Eifler*, 7 Coldw. 31. The rule is the same at law. *Loeb* v. *Nunn*, 4 Heisk. 449.

In *Heartt* v. *Corning*, 3 Paige, 570, a plea of stated account was not sworn to, the defendant's counsel supposing that, because the bill waived an oath to the answer, the waiver extended to the oath required to the plea. The complainant's counsel set the plea for hearing on its sufficiency, and, on the argument, sought to take advantage of the absence of the oath. "The complainant," said Chancellor Walworth, "is wrong in supposing that this is an objection which he can take advantage of at the hearing as to the sufficiency of the plea. As well might he object at the hearing that a plea or demurrer wanted the signature of counsel. The proper mode of taking advantage of a formal defect of this description is by an application for an order to set aside the pleading, or to take it off the files for irregularity. *Wall* v. *Hubbs*, 2 V. & B. 354. If a plea or answer was taken off the files for irregularity, on the ground that it had not been properly sworn to, the defendant, as a matter of course, would have the right to file a new one properly verified. But, if a plea is overruled on the hearing,

the defendant cannot have the advantage of his plea without special leave from the court to amend.'' This able Chancellor was, therefore, of opinion that where the complainant, with full notice of the irregularity, brings on the argument of the plea, it is a waiver of the irregularity in filing it without oath, and, *a fortiori*, with a defective oath. The principle of the ruling is that there must be a formal act seeking to take advantage of the irregularity, and a forward step in the cause waives the irregularity. To the same effect is *Fulton Bank* v. *Beach*, 2 Paige, 307, affirmed on appeal, in 6 Wend. 36, where the irregularity of a joint and several answer, not being sworn to by one of the defendants, was cured by the replication of the complainant, after notice of the irregularity. See, also, *Steele* v. *Plomer*, 2 Ph. 780; *Riky* v. *Kemmis*, Beat. Ch. 322. There is a *dictum* of Green, J., in *Graham* v. *Nelson*, 5 Humph. 609, that the absence of an oath to a plea in bar was a defect not waived by setting the plea down for argument, but might thus be taken advantage of. Our authorities are, however, in accord with the current in holding that any positive step on the basis of the regularity of a previous pleading waives the irregularity. Or, to use the language of one of our ablest judges, uttered at an early day: '' In pleading, an advanced step virtually waives exceptions which should be antecedently made.'' *Per* Overton, J., in *Snapp* v. *Moore*, 2 Tenn. 240. And see, to the same effect, *Harmon* v. *Crook*, 2 Yer. 127, and *Hargis* v. *Ayers*, 8 Yer. 467.

In the case now before the court no motion to take the plea from the files for the irregularity in the affidavit was made, nor was it set for hearing upon its sufficiency, and the irregularity tested in that mode, under *Graham* v. *Nelson*, 5 Humph. 609. The defendant has had no intimation—to put him on his guard or give him the opportunity to amend— that objection would be raised to the form of his plea. If the complainant had, in any of the modes allowed by law, undertaken to treat the plea as defective, the defendant would have had the right, '' as a matter of course,'' to file

a new one properly verified. A court of equity cannot sanction a practice which is, in effect, laying a trap for the unwary. *Quinn* v. *Leake*, 1 Tenn. Ch. 71. The complainant has allowed the plea to stand as sufficient, and permitted the cause to proceed to a hearing as upon a general replication to both plea and answer. Our statute law provides that no replication, or other pleading, is required or allowed after answer, but the case will be heard as if replication had been filed, unless set for hearing expressly on bill and answer. Code, §§ 4322, 4432. The Code, § 4393, also provides that if the complainant thinks any plea filed good, but not true, "he may take issue upon it, and proceed to trial." A plea is a "special answer" to a bill, differing, says Lord Redesdale, in this, from an answer in common form, that it demands the judgment of the court, in the first instance, whether the special matter urged by it does not debar the plaintiff from his title to that answer which the bill requires. *Roche* v. *Morgel*, 2 Sch. & Lef. 725 ; *Armitage* v. *Wadsworth*, 1 Madd. 194 ; Pr. Reg. 273. Whether a special replication can be put in to a plea under our statutes, and, if so, whether it should not be actually filed under the provision of the Code just cited, it is unnecessary to consider. But there seems no reason why the general replication should not be considered as dispensed with in the case of a plea, as well as of an answer, under the statute provisions above cited. No replication to the plea seems to have been filed in *Wilson* v. *Eifler*, 7 Coldw. 31. And if the rule were different in the case of a plea from that which applies to an answer proper, the general replication would be matter of form—not substance—and the court would permit it to be filed at any time, upon objection raised (*Rodney* v. *Hare*, Mos. 296), or intend it under our liberal statutes of jeofails. Code, §§ 2863, 2866 ; *Eakin* v. *Burger*, 1 Sneed, 425.

That a plea may be overruled by an answer which covers the same ground, is settled law. But this means when the plea has been set for hearing on its sufficiency. Story's Eq.

Pl. § 688. The same ruling was applied where a demurrer was put in to a plea and answer, the mode adopted being treated as, in effect, a setting of the plea for argument on its sufficiency. *Witt* v. *Ellis*, 7 Coldw. 38. But this doctrine can, of course, have no application to a case where the complainant takes issue, both upon the plea and answer, thereby treating them as valid defences and compatible with each other. And that is precisely what has been done here; the law itself intending the general replication as filed to both.

In this view, the burden of proof was on the complainant to establish one of the grounds on which his attachment rests; and, having introduced no evidence, his suit fails. The attachment also having been sued out under the Code, § 3455, the complainant is not entitled to a judgment against the defendant, although his claim is not denied. The jurisdiction of the court depends upon the attachment, and, that not being sustained, the bill must be dismissed with costs. *Freidlander* v. *Pollock*, 5 Coldw. 490.

The conclusion reached renders it unnecessary to consider the novel and difficult question whether, in this class of cases, where the jurisdiction at law and in equity is the same, an answer in support of the negative plea is required; and whether the answer, by repeating the denials of the plea, would affect the plea, the denials being merely an answer, and the only answer demanded by the allegations of the bill. The discovery might be unnecessary, but it is difficult to see how it could vitiate the plea. "In the absence of authority to the contrary," to use the language of Mr. Wigram, in his work on Points of Discovery, pp. 172–181, "it seems to follow that a plea can never be hurt by a discovery which relates exclusively to the matter of the plea itself."

This conclusion reached, moreover, renders it unnecessary to consider the question whether the defendant's trust assignment passed the land attached to the trustee. The complainant having neglected to make him a defendant, no opinion which might have been rendered would have affected

his rights. The schedule of effects appended to the deed is entirely too meagre in its references to the lands of the defendant to meet the requirements of the statute of frauds. *Pipkin* v. *James*, 1 Humph. 325. But the language of the body of the trust deed itself, although general, is, perhaps, sufficient. The words are, "all the lands, tenements, &c., of every nature and description, belonging to said bank." Such a description has always been held good in wills. *Williams* v. *Williams*, 10 Yer. 20; *Countess of Bridgewater* v. *Bolton*, 1 Salk. 236; *Jackson* v. *Delaney*, 11 Johns. 365; 13 Johns. 537. In *McGavock* v. *Deery*, 1 Coldw. 265, the conveyance, in a deed of trust for creditors, of the grantor's "undivided interest in the real estate of his father, wherever situated," was held good; and in *Farris* v. *Caperton*, 1 Head, 606, in a division of partnership lands, the general designation of them by tracts, as "mill tract," "Riley tract," was held sufficient to pass the title as between the partners. A deed of "all her (the grantor's) lands and tenements, wheresoever they might be situated," was held by Chancellor Walworth to carry the grantor's right and interest to any real estate to which she was then entitled. *Pond* v. *Bergh*, 10 Paige, 147, 156. A deed conveying "all my estate," or all the estate which a third person named died seized and possessed of, is equally effective. *Jackson* v. *Delaney*, 4 Cow. 427, *Litchfield* v. *Cudworth*, 15 Pick. 23; *Platt* v. *Lott*, 17 N. Y. 478.

NOTE.—This decision was affirmed on appeal.