McDonald v. Allen.

JULIA G. McDONALD, Ex'x, v. R. B. ALLEN, et al.

1. EVIDENCE. *Incompetency of representatives in action by or against.* The act of 1869-70, ch. 78, sec. 2 (Code, sec. 3813d), provides that in an action by or against an executor, administrator, or guardian, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called by the opposite party or required to testify by the court, the purpose of the law being to prevent the surviving party from having the benefit of his own testimony, when by the death of his adversary his representative was deprived of the deceased's version of the transaction or statement.

2. CASE IN JUDGMENT. Therefore where the deposition of the testator was taken and filed before his death, giving his statement of the transaction, and the surviving parties were competent to give, and have given their version of the transaction, upon the suit being revived by his executor, the reason for the exclusion of the testimony does not exist.

3. COUNTERFEIT MONEY. *Payment in.* The payment of a counterfeit bill upon a debt is a nullity, and does not extinguish the debt. The bill should be returned within a reasonable time after it is discovered to be worthless, otherwise the party so receiving the bill must bear the loss.

Code cited: Secs. 3813a, b, c, d.

---

FROM SMITH.

---

Appeal from the Chancery Court of Smith county. W. G. CRAWLEY, Chancellor.

DEWITT & HENRY for complainant.

TURNER, BENNETT & SEAY for defendants.

DEADERICK, J., delivered the opinion of the court.

The bill in this case was filed in the chancery

court at Carthage to set aside the satisfaction of a judgment obtained by complainant's testator against defendants to the extent of $100, on the ground that that much paid upon said judgment was paid in a counterfeit $100 national bank bill.

The chancellor granted the relief, and defendants have appealed. Testator, H. B. McDonald, who originally instituted the suit, was, while the suit was pending in the chancery court, examined as a witness, and died before the hearing, and it was revived in the name of his wife as executrix. Upon the hearing, when complainants proposed to read the deposition of said H. B. McDonald, defendants objected to the reading of the deposition, and the objection was overruled and the deposition read upon the hearing. The counterfeit bill had passed through the hands of six or seven persons before it was detected, and it was essential to complainant's right to recover to show that the identical bill he received from DeWitt was paid to Smith. This, if done, was done only by the deposition of the said H. B. McDonald. The depositions of the defendants were also read upon the hearing without objection.

Secs. 3813*a, c, d,* remove the incompetency of a witness because a party to or interested in the result of the suit, with the qualification that in suits by or against executors, administrators or guardians, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called by the opposite party, or required to testify by the court.

McDonald *v.* Allen.

The purpose of this qualification of the rule as to executors and administrators was to prevent the surviving party from having the benefit of his own testimony, when, by the death of his adversary, his representative was · deprived of his executor's version of the transaction or statement.

But this case does not fall within the letter or reason of the rule. The deposition of testator was taken and filed before his death, giving his statement of the transaction, and the surviving parties were competent to give and have given their version of the transaction, so that the reasons for the exclusion of their testimony does not exist. It was, therefore, not erroneous to allow the depositions of testator and of defendants to be read upon the hearing.

The evidence is reasonably satisfactory that the bill in question is counterfeit, and that it is the same bill paid by William Allen in satisfaction in part of the judgment in the pleadings mentioned in favor of complainant's testator against the defendants. The bill was paid to testator July 10, 1867, all the parties believing it to be genuine at the time, and this bill was filed in September, 1870, more than three years after the bill was passed by defendants. While it is true that the payment of a counterfeit bill upon complainant alleged in his bill, that since he discovered the bill was worthless he had been trying, through his attorney, to induce defendants to take it back. This is expressly denied by all the defendants, they alleging in their answer that no one ever applied to either of them to take it back, and that they never

heard that either of the bills paid by them was counterfeit until the bill was filed and process served on them.  Two of defendants were examined as witnesses, and in their depositions state the same thing. Complainant does not, in his deposition, state when he discovered the bill to be worthless, nor does he state that he applied to defendants to take it back, nor otherwise prove these facts.  From the record we infer it passed into the hands of the party who returned it to complainants in 1867, soon after it was paid out by defendants, a law suit between some of them having been instituted and determined in the meantime, but between whom and when determined does not appear, nor why the offer to return the bill to defendants was so long delayed.

We are of opinion that the lapse of three years and more in this case was an unreasonable delay on the part of complainant in making demand upon defendants to make good the bill passed to him.

The chancellor's decree will be reversed, and the bill dismissed.