PETER SCHLICHER, complainant and respondent,

*v.*

JOHN R. WHYTE, defendant and appellant.

[Argued June 18th, 1908. Decided November 16th, 1908.]

On accounting between partners, the partnership ledgers kept by bookkeepers are competent original evidence, the bookkeepers being regarded as agents of each partner to keep his account with the firm.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Reed.

*Mr. George O. Vanderbill,* for the complainant and respondent.

*Mr. Frank S. Katzenbach, Jr.,* for the defendant and appellant.

The opinion of the court was delivered by

PARKER, J.

This is a suit for an accounting between former partners. It was before this court in another aspect, on appeal from the de-

cision of Vice-Chancellor, now Justice, Reed, reported in *61 N. J. Eq. (16 Dick.) 158; affirmed on appeal, 65 N. J. Eq. (20 Dick.) 404.*

The present appeal brings up the decree entered on report of a master, adjudging that the complainant below is entitled to recover from the defendant $2,071.76, and overruling certain exceptions to the master's report, which will be taken up in the order in which they are discussed by appellant's brief.

The third exception is that the master admitted in evidence the partnership ledgers without the production of books of original entry.

The fourth exception is that the master based his report upon entries in the ledgers without proof of the handwriting therein.

The fifth exception is that the master charged the defendant with items of cash shown on the ledgers without other proof.

The point made by appellant is, in substance, that the ledgers were not available as evidence without the day books or other books of original entry. The proof shows that the parties as partners kept partnership books by paid bookkeepers, and that these books consisted of memorandum day books called "blotters" and "ledgers." The blotters seem to have disappeared. The ledgers were fully identified as those of the partnership.

Counsel rely upon the cases in our reports, holding that as between tradesmen and their debtors the books of account of original entry are admissible, but that other books, in which these original entries are posted are admissible only as supplementary to the books of original entry, so that the whole of the account should appear, and that the ledgers without the books of original entry are not admissible. *Bonnell v. Mawha, 37 N. J. Law (8 Vr.) 198; Rumsey v. New York and New Jersey Telephone Co., 49 N. J. Law (20 Vr.) 322; Diament v. Colloty, 66 N. J. Law (37 Vr.) 295.*

These decisions undoubtedly indicate the law of this state on that subject, but in our view are not applicable to this case. The parties here were partners, so that each partner was an agent for all the others as to partnership transactions. So also the bookkeepers employed by them from time to time were

agents for every partner as against the others, and, therefore, entry in the ledgers by a bookkeeper in the course of his employment constituting a charge against one partner in favor of the others, amounted to an admission by the partner against whom it was charged. In this view of the case the ledgers were properly admitted.

The next point made by the appellant is based upon the question of construction of the partnership agreement. The original firm consisted of Whyte and a man named Vogel, who had accounts on their books for collection at the time of the partnership agreement now in question, which was executed on the 22d day of September, 1897, and under which the complainant, Schlicher, came into the firm. One of these accounts was against Whyte, mostly for cash advanced to him or paid for his use. The partnership agreement provided that Whyte and Vogel should contribute certain chattels belonging to the old firm, at a valuation, and that Schlicher was to pay a sum in cash to offset this contribution; said Whyte and Vogel also contributed to said copartnership the book accounts "on their books *from* the 22d day of September, 1897." The appellant contends that this clause means that the book accounts accruing after the 22d day of September, 1897, are meant. The master held, and the court below held, its meaning to be that the old accounts then standing on the books were the ones referred to and were to be regarded as assets of the new partnership and not the property of the old partners. In other words, that the word "from" was an inadvertence and should be construed to mean "prior to." We concur in this view. The clause in question is meaningless if read literally, for the accounts arising after September 22d, 1897, are those of the three partners. What was evidently meant is that accounts then standing on the books should enure to the new firm, so that on collection and division of the same Schlicher would get his share. The importance of this construction lies in the fact that among these accounts was the one against Whyte himself to a considerable amount. This account, in our judgment, was properly included in the finding of the court below, and was admissible on the same principle already laid down in reference to other items in the ledgers.

The third point made by the appellant is that the master failed to state an account. It is true that the master did not annex to his report and finding any account with items. He found and reported, among other things, that the net worth of the firm of Schlicher & Whyte, on September 1st, 1899, was $3,-391.99, one-third of which belonged to Whyte and two-thirds to Schlicher; that Whyte owed the firm $3,202.42; that Whyte's interest in the firm was one-third of the first amount mentioned, or $1,130.66, so that the balance due from Whyte to Schlicher was $2,071.76. He annexed to his report the testimony taken before him, and also copies of the books, so far as the entries in the same related to the determination of the matter.

We do not think it was necessary for the master to go further than he has done in the matter of stating the account. The decree did not direct him so to do. It required him "to take a mutual account of all dealings and transactions between the complainant and defendant as partners," with power to examine witnesses * * * and to report what, upon said accounting, should appear to be due from each of said parties to the other, and also the balance, which upon the said account shall appear to be due from either party to the other. The master seems to have fully complied with the requirements of this decree. The appellant complains that the master does not show how he arrives at the figures of the net worth of the firm; that the result cannot be obtained from the evidence, and that the master evidently intended to adopt the figures submitted by Schlicher, which are $59.22 less than the net worth as reported by the master. All that need be said as to this is that if the master made an error of $59.22 in the net worth, it resulted in an increase of $19.74 in Whyte's share of the assets, thereby reducing the balance due from Whyte to that extent; so no harm has been done the appellant.

The annexation of an itemized account as a schedule to the report was under the circumstances a matter of form, as the figures substantially appeared in the depositions.

The decree appealed from will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL —15.

*For reversal*—None.