EMMA CAMPBELL, DEFENDANT IN ERROR, v. JOHN NEL-
SON AKARMAN, EXECUTOR, &c., PLAINTIFF IN ERROR.

Argued March 12, 1912—Decided June 20, 1912.

The test as to what is a "transaction with" the deceased so as to come
within the statutory prohibition, has been defined by this court
in *Van Waganen* v. *Bonnot*, 4 *Buch.* 843, and, measured by that
test, certain testimony given by the plaintiff in this action was
erroneously admitted.

On error to the Monmouth Circuit Court.

For the plaintiff, *Ruliff V. Lawrence.*

For the defendant, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

MINTURN, J. The suit was brought to recover a balance
due upon a contract for services performed by the plaintiff
for Mrs. Annoria Pall, the defendant's intestate.

The trial resulted in a verdict for the plaintiff.

Ten assignments of error have been filed by defendant's
counsel upon exceptions taken during the progress of the
trial. For the determination of the review before us it is
necessary only to consider the validity of those exceptions
that are directed to the trial court's ruling upon questions
intended to elicit information concerning transactions be-
tween the plaintiff and the deceased. The executor had not
testified, or offered himself as a witness to testify, to any
such transactions, so as to pave the way for any testimony
upon the subject by the plaintiff within the exception pre-
scribed to the general rule excluding such testimony by our
statute. *Pamph. L.* 1900, *p.* 363; *Comp. Stat., p.* 2218. In
this posture of the proof, after detailing his relations with
the deceased, the plaintiff, upon direct examination, was
asked and allowed to answer, over objection and exception

by defendant's counsel to their legality under the statutory prohibition, the following, among other questions of similar import:

"*Q.* Were you paid for your services?

"*Q.* Were you paid anywhere else any amount of money?

"*Q.* Go ahead and tell us how much you were paid?"

The following receipt, signed by the plaintiff, was produced and shown to the plaintiff:

"Received from Mrs. A. A. Pall, from July 2d to November 14th, 1908, in full $195."

And she was then asked:

"*Q.* Did you ever receive any other moneys?

"*Q.* Did you receive any other moneys than the $195 there in that receipt?

"*Q.* Did that pay in full?"

We entertain no doubt whatever as to the purpose of these and other inquiries of a like nature contained in the record. That the object in thus framing them was to evade the statutory provision prohibiting the giving of testimony by a party to the action "as to any transaction with or statement by any testator or intestate, represented in said action" seems to us manifest.

This statutory provision has been under consideration by this court upon several occasions, and its meaning and the declared purpose of the legislature in enacting it have been defined and settled in several cases. In the comparatively recent adjudication of *Van Waganen* v. *Bonnot,* 4 *Buch.* 843, this court, speaking by Mr. Justice Parker, said: "The test laid down in our decisions in ascertaining what is a 'transaction with' the deceased about which the other party to it cannot testify, is to inquire whether in case the witness testified falsely the deceased, if living, could contradict it of his own knowledge."

That the questions here under consideration if subjected to that test would fall under the prohibition of the act, to us seems indubitable, and the judgment below, for that reason, must be reversed, and a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 15.