## WAGGONER v. DORRIS.—68 S. W. (2d) 142.

Middle Section.   December 2, 1933.

Petition for Certiorari denied by Supreme Court, February 24, 1934.

Moreau P. Estes, of Nashville, for plaintiff in error administratrix.
H. T. Finley, of Nashville, for defendant in error Dorris.

CROWNOVER, J. This is an action on a promissory note of $125. The note is not negotiable, as the words "to the order of" were stricken out. It is signed by Collins, Woods, and Dorris, with nothing to indicate who is maker or surety.

Dorris' defense is that he signed as an accommodation surety for Collins upon the express condition that he would procure one Burns to sign the same as joint surety with them before the note should be delivered to S. F. Waggoner, who has since died.

The action originated in a justice of the peace court where judgment was rendered for the plaintiff for the amount of the note and interest, making a total of $144.87. Defendant appealed to the circuit court where the case was tried by the judge without a jury. In the circuit court defendant filed several pleas in writing, which are as follows:

"1. That the note sued on was signed by defendant as surety before its delivery to payee and that it was agreed between the maker and defendant that two named sureties would sign the note along with defendant before same would be delivered, and that defendant consented to sign the note only upon this condition.

"2. The note sued on shows on its face that it is a demand note and was due immediately after it was delivered; plaintiff and her intestate, however, never took steps to collect said note from the maker, but allowed the obligation evidenced by the note to continue unsatisfied for years; all of which amounted to an unreasonable extension of time for the payment of the note not contemplated by defendant when he executed same and wholly without his knowledge and consent.

"3. That plaintiff and her intestate were guilty of laches in the collection of said note.

"4. That plaintiff has failed to make demand on the maker of said note, or, if demand was made, has failed to give defendant notice of its dishonor."

None of the pleas were sworn to, and the case went to trial without any objection to the pleas.

Defendant, Dorris, was the only witness introduced at the trial. At the close of defendant's evidence, the plaintiff moved to strike out the entire evidence of Dorris on the following grounds:

"(1) That it sought to vary, contradict and change the terms of a written instrument; (2) that it related to a transaction between the defendant, Dorris, and Waggoner, the deceased, this suit being brought by Waggoner's Administratrix and the instrument being the foundation of the action; (3) that the instrument sued on was in writing and there was no plea of non est factum filed. Accordingly, under Section 9723 the instrument being the foundation of the action was conclusive evidence against the defendant and the evidence of Dorris was therefore incompetent; (4) the instrument shows on its face that it is a renewal of the original agreement and Dorris' testimony only related to the original."

The court overruled the motion, to which plaintiff excepted. The circuit judge found in favor of the defendant, and dismissed the plaintiff's action.

Motion for a new trial having been overruled, plaintiff appealed to this court and has assigned errors, which are, in substance, as follows:

(1) The court erred in overruling plaintiff's motion to strike out defendant's evidence for the reasons hereinabove set out in the exception.

(2) There was no plea of non est factum filed.

(3) There was no evidence to support the judgment.

On March 19, 1930, William P. Collins executed a promissory note to S. F. Waggoner for $125. The note was in all respects a promissory note, except that it was not negotiable, but the first sentence read: "For value received, we jointly and severally promise to pay to S. F. Waggoner . . .;" the printed words "the order of" being stricken out. W. S. Woods and H. W. Dorris signed on the face of the note as makers, but Dorris testified that he was only a surety for the accommodation of Collins, and that he received nothing.

H. W. Dorris says that Collins asked him to sign the instrument so that he could borrow some money from his uncle, S. F. Waggoner; that he agreed to sign the note on condition that one Burns, whom he knew to be solvent, would also sign, and Collins agreed to obtain Burns' name on the instrument before delivery to Waggoner, and but for this agreement he would not have signed the note.

The plaintiff's assignments of errors are not well made, and must be overruled for the reasons hereinafter stated.

1. It is insisted that the defendant did not file a plead of non est factum and that the court erred in not striking the evidence on the ground that oral evidence was inadmissible to vary or contradict the terms of a written instrument. This assignment is not well made, for the reason that the plea hereinabove set out was a special plea of non est factum, not verified. The averment of the plea was in effect a denial of the execution of the instrument, which is sufficient. Nashville, C. & St. L. R. Co. v. Murphree, 2 Tenn. App., 482. The plea should have been verified. Code, sec. 9726. But,

where one pleads over or goes to trial without raising the objection, he waives the right to urge that the pleading is not verified. 49 C. J., 841, sec. 1241; Loeb v. Nunn, 4 Heisk., 449; Brabson v. Tinsley, 4 Higgins (4 Tenn. Civ. App.), 607.

The oath to a plea may be waived by the parties where they proceed to trial and to evidence without raising the objection. Nashville, C. & St. L. R. Co. v. Murphree, supra; Alexander v. Wilkes, 11 Lea, 221; Kenner v. City Nat. Bank, 164 Tenn., 119, 133, 46 S. W. (2d), 46.

An objection to want of verification or to defective verification of a pleading is properly taken by a motion to take the plea from the file. Kenner v. City Nat. Bank, supra; Trabue v. Higden, 4 Cold., 620; 49 C. J., 709; 8 Ency. of Pleading & Practice, 206.

In this case no objection was made to the plea for want of verification, and the parties proceeded to trial on the issues joined. After the evidence was in, the plaintiff moved to strike all the evidence for the reasons hereinabove stated, that is, she insisted there was no plea of non est factum and that parol evidence was inadmissible to vary or contradict the terms of a written contract, but she did not raise any objections to the pleas that were filed. Hence she waived the irregularity, and the question cannot now be raised for the first time in this court. Nashville, C. & St. L. R. Co. v. Murphree, supra.

The note not being negotiable, it follows that the negotiable instruments statute does not affect the rights of the parties to nonnegotiable instruments, and their liabilities are not governed by the uniform negotiable instruments statute. Brannan's Negotiable Instruments Law (4 Ed.), p. 1, 215; 5 Uniform Laws Annotated, 13.

Where one signs a note and delivers it upon the express condition that it is not to take effect until it is also signed by another, liability upon the note is conditional upon its being signed by such other person. Majors v. McNeilly, 7 Heisk., 294; Alexander v. Wilkes, 11 Lea, 221; 5 Uniform Laws Annotated, 102; Brannan's Negotiable Instruments Law (4 Ed.), 137.

Where one signs as surety a note or bond on condition that another will also sign as surety, and the instrument is delivered by the principal to the payee in violation of the condition, without notice to the obligee, the surety is bound. Joyce v. Cockrill (C. C. A.), 92 F., 838; Title Guaranty & Surety Co. v. Schmidt (C. C. A.), 213 F., 199; Empire State Surety Co. v. Carroll (C. C. A.), 194 F., 593; Dun v. Garrett, 93 Tenn., 655, 656, 27 S. W., 1011, 1014, 42 Am. St. Rep., 937; Dair v. U. S., 16 Wall., 1, 21 L. Ed., 491, 7 Rose's Notes on United States Reports (1 Ed.), 1013; Pingrey on Suretyship (2 Ed.), 59, sec. 51; 2 Williston on Contracts, secs. 1244, 1245; 50 C. J., 36, sec. 55.

■ Parol evidence is admissible to show a conditional delivery, and it does not contradict or vary the terms of the note. It merely goes to the point of delivery. Joyce on Defenses to Commercial Paper, sec. 312; 3 Jones on Evidence (2 Ed.), 2767, sec. 1516; 4 Jones on Evidence (2 Ed.), 3015, sec. 1643; 5 Uniform Laws Annotated, 112; Breeden v. Grigg, 8 Baxt., 165, 166.

The same rule applies whether the instrument is negotiable or nonnegotiable. Jordan v. Jordan, 10 Lea, 133, 43 Am. Rep., 294; Dun v. Garrett, supra; Frazier v. Gains, 2 Baxt., 92.

■ "Where the instrument is complete and regular on its face there is no duty on the obligee to inquire as to whether any condition has been imposed on its delivery, and the surety is not relieved from liability because of a breach of condition, unless the obligee, at the time of such delivery, has actual notice of the condition and of its violation, or unless the attending circumstances are such as to charge him with notice thereof. Thus, where the bond is regular on its face, and is good without the principal's signature, the obligee is not chargeable with notice that the surety's signature was made on condition that the principal should also sign before delivering the bond, especially where the principal signs a contract imposing the same obligations." 50 C. J., 40, sec. 61.

"The counsel for appellees, while conceding the soundness of the conclusion reached, when confined to the subject of litigation in that case, yet urges that that decision rests upon an exception to the general rule made by the courts in the interest of commerce, and that it cannot be rested upon authority, where the liability of a surety upon a nonnegotiable instrument, delivered in violation of like conditions, is called in question. While it is true the case finally rests upon the fact that the note sued on was negotiable, and passed, for value, without notice and before maturity, into the hands of the payee, yet the reasoning and illustrations of the opinion embrace both negotiable and non-negotiable paper. The court says: 'The law makes the principal the agent of the sureties for the special purpose of delivering the instrument. . . . It is a case for the application of the ordinary principle of agency, that when the agent is clothed with apparent authority to do the act he may bind the principal within the limits of that authority, whatever may have been his private instructions.' In other words, the surety has innocently but negligently placed it in the power of his agent to inflict a loss upon another, who is equally innocent, and in no respect guilty of negligence. In such a case the effect of the holding of Jordan v. Jordan, supra [10 Lea, 124, 43 Am. Rep., 294], was, whenever a loss occurred as the result of such negligence, to apply the rule announced in Lickbarrow v. Mason, 2 Dun & East, 21, that 'whenever one of two innocent persons must suffer by the acts of a third, he who has enabled the third person

426

to occasion the loss must sustain it.' " Dun v. Garrett, 93 Tenn., 655, 656, 27 S. W., 1011, 1013, 42 Am. St. Rep., 937.

One may set up the violation of a condition or escrow by special plea of non est factum, and parol evidence is admissible to show the condition. 9 Ency. of Evidence, 3; Alexander v. Wilkes, supra; Love v. Steinback, 10 Lea, 289; Smithson's Civil Procedure 638, 639.

It follows that parol evidence was admissible to show the condition, and there was no error in the action of the court. But the admission of this evidence is not determinative of the case, for the reason that, when it is shown that the title of the note was defective in its inception, the burden is then shifted to the holder to prove that he is a holder in good faith, for value, without notice of the condition, as will be hereinafter shown under the third assignment.

2. The insistence that the parol evidence should have been stricken because it related to a transaction between defendant and Waggoner, the deceased, is not well made, for the reason that the statute (Code, sec. 9780) provides that "neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward." The transaction and statement were only between Dorris and Collins, upon which the liability of Dorris depended, and the deceased took the note subject to the equities existing between the original parties, as it was nonnegotiable. In no sense were they had with deceased.

Where the statute merely prohibits the witness from testifying as to transactions and communications with the deceased, he is not precluded from testifying with regard to transactions between himself and third persons in which the decedent did not participate. 30 Amer. & Eng. Ency. of Law (2 Ed.), 1050, 1051; 40 Cyc., 2330.

"Transactions with the intestate refer to things done in his presence, to which he might testify of his personal knowledge, were he alive, and not to transactions out of his hearing and presence, though they may affect the liability of his estate." Morris v. Norton (C. C. A.), 75 F., 912, 922.

"Where a widow brought suit to set aside a deed to her deceased husband on the ground of duress, and the clerk who took her acknowledgment testified to what took place between him and the wife when he took the acknowledgment, at which the husband was not present, the wife's testimony on such subject was not objectionable as relating to a communication between husband and wife or a transaction by him with her." Dillon v. Dillon (Ky.), 69 S. W., 1099.

3. The last assignment, that there is no evidence to support the verdict, is not well made. The only evidence was that of the defendant, Dorris, who testified that the note was signed and de-

livered to Collins on the express condition that he was not to be liable unless Collins obtained the signature of Burns, which was not done. When it is shown that the title of the note was defective in its inception, the burden is then shifted to the holder to prove that he is a holder in good faith, for value, without notice of the condition. And this was not done.

■ It has been held in some cases that the burden is on the surety to plead and prove the condition upon which the bond was signed, and its delivery in violation of that condition with the obligee's knowledge of the condition when it was accepted. Title Guaranty & Surety Co. v. Schmidt, supra; Jordan v. Jordan, supra. But, after investigation of the authorities, we are of the opinion that this holding is not correct, for the reason that it has been held in many cases, not only in Tennessee but elsewhere, and has been accepted as an established principle of law, that upon proof of fraud in the inception of a note or contract the burden shifts then to the holder to show that he was a holder in good faith, for a valuable consideration, without notice. The delivery in violation of the condition is a fraud upon the surety. 1 Jones on Evidence (2 Ed.), 312, sec. 187: 4 Amer. & Eng. Ency. of Law (2 Ed.), 321; National Bank v. Chatfield, 118 Tenn., 481, 101 S. W., 765, 10 L. R. A. (N. S.), 801.

This same rule applies to the delivery of a negotiable or nonnegotiable notes in violation of the condition of the escrow. 1 Jones on Evidence (2 Ed.), 315, sec. 189; 8 C. J., 986.

The reason of the rule for the presumption is that the party to the fraud is precluded from recovering himself, and has placed it in the hands of another to sue upon it for him, and the holder in such case must overcome this presumption with proof. 4 Amer. & Eng. Ency. of Law (2 Ed.), 323; 8 C. J., 986.

In the case of Dun v. Garrett, supra, the Supreme Court reviewed the old case of Jordan v. Jordan, 10 Lea, 124, 43 Am. Rep., 294, with respect to whether the note should be negotiable or nonnegotiable, but did not comment on the part of that case which held that it must be averred and proved that the payee had notice of the conditional delivery, and ended the opinion by holding that such a condition was valid whether the instrument was negotiable or nonnegotiable, with the following statement:

"It is proper to add that in all such cases, to give the holder the benefit of the rule here announced, it must affirmatively appear, as it does in this case, that he took the instrument in question without notice of its conditional delivery."

This is the last reported statement of the Supreme Court on the subject.

The Negotiable Instruments Law, section 59 (Code 1932, sec. 7383), provides that "every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has

negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course.'' This provision, as far as shifting the burden on to the holder is concerned, has been applied in many cases; but it is merely declaratory of the common law. 8 C. J., 983, sec. 1291.

And it has been held that proof of a conditional delivery, under the negotiable instruments statute, shifts the burden of proof and the holder must then show that he was a holder in due course. 5 Uniform Laws Annotated, p. 421; Brannan's Negotiable Instruments Law (4 Ed.), 539; 8 C. J., 986.

Hence we are of the opinion that, upon proof of the conditional delivery, the burden shifted to the holder to show that he was a bona-fide holder for value without notice of the conditional delivery. There was no evidence that the payee had no notice of the conditional delivery.

All of the assignments of errors being overruled, the judgment of the trial court dismissing the action is affirmed. The cost of the cause including the cost of the appeal is adjudged against the appellant and the surety on her appeal bond.

Faw, P. J., and DeWitt, J., concur.