## Newman *v.* Tipton.

(*Knoxville*, September Term, 1950.)

Opinion filed December 9, 1950.

Oliver & DeLozier and Crawford & Crawford, all of Maryville, for plaintiff.

Homer A. Goddard, of Maryville, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is an action for damages in which Miss Annie Tipton sustained severe painful injuries resulting from a fall in a storehouse owned by Mrs. B. S. Newman. The suit is based upon negligence in maintaining defective premises which was alleged to be the proximate cause of the accident. The circumstances attending the accident were briefly, but clearly, summarized in the opinion of the Court of Appeals (and supported by material evidence) as follows: "The automobile in which plaintiff was riding was stopped in front of the Newman store. There was no light burning in front but lights could be seen in the store. Miss Tipton, then about 44 years of age, and being lame in her right leg since infancy, which required her to wear an extension shoe, got out of the car, went to the front door of the store, opened it with her left hand and stepped in. The door swung inward, to the left, which tended to obscure the store's lights consisting of a small lantern at the left rear of the store, 15 feet from the entrance, and a small (25 watt) light bulb, some three feet to the left of the lantern. As the door was opened it partially blocked these lights. The floor was about six inches lower than the door sill. There were no signs or warnings of the existence of this condition. By reason of the insufficient lights, obscured as they were by the opening of the door, Miss Tipton did not observe the floor being on a lower level. She fell,

breaking her lame leg, resulting in great and permanent impairment in it over that previously existing.''

The declaration alleged that the building was maintained in an unsafe and dangerous condition. The specific acts of negligence complained of are (1) that maintaining different floor levels in and about the store building, (2) failing to give notice to plaintiff and the public that the floor levels changed abruptly at the entrance, (3) failing to illuminate properly the entrance to the building, and (4) in permitting and allowing said dangerous condition to exist without providing sufficient light for the plaintiff to detect such dangerous condition.

The defendant pleaded the general issue, and the issues were tried to a jury resulting in a verdict for the plaintiff. In the Court of Appeals the defendant contended under proper assignments of error (1) that there was no evidence to support the verdict, (2) the defendant was not guilty of actionable negligence, (3) plaintiff was guilty of proximate contributory negligence as a matter of law, barring a recovery, and (4) for error by the trial judge in overruling the defendant's objection to the testimony of the plaintiff, she being incompetent to testify under Code, Section 9780. These assignments were overruled and the judgment of the trial court affirmed.

The defendant petitioned this Court for certiorari and assigned numerous errors. Upon full consideration of the petition the writ was granted, the following memorandum being filed with the record:

''The Court grants the writ of error for the purpose of giving consideration to the action of the Court of Appeals in holding that Annie Tipton was a competent witness in her own behalf against the estate of Mrs. B. S. Newman deceased, this being assigned as error.

"While counsel are privileged to discuss other assignments of error, we are frankly of opinion that they do not have sufficient merit to justify a reversal of the case."

The single question as to the competency of Annie Tipton to give evidence against the defendant, Mrs. Newman, she having died prior to the trial in the circuit court, has been fully argued by able counsel for the respective parties. All other assignments of error are without merit.

It is earnestly insisted by counsel for the petitioner that the Court of Appeals was in error in holding that Code, Section 9780 does not apply to tort actions. It reads as follows: "In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party."

The Court of Appeals correctly points out that "Mrs. Newman died after the institution of this suit, which was then revived against her executrix. The plaintiff did not testify as to any conversation with the defendant; she only testified as to what occurred when she attempted to enter defendant's store."

■ The provisions of this statute, and similar statutes in all other jurisdictions, have given rise to countless decisions as to what constitutes a "transaction" between parties in interest and one who is deceased. We have no case dealing with the question made on this appeal. All the cases from all jurisdictions hold that the statute was primarily intended to guard against an evil which might result from testimony of the living against the dead;

that death having silenced the one, the law silences the other. *McDonald* v. *Allen,* 67 Tenn. 446, *Bingham* v. *Lavender,* 70 Tenn. 48. In a footnote to the above Code Section it is said: "This statute can not be extended by the courts to cases not within its terms, upon the idea that they fall within the evil which was intended to be guarded against. As an exception, it must be strictly construed *as against the exclusion of the testimony, and in favor of its admission."* (Emphasis supplied.) Citing numerous cases.

It must be conceded that both parties in the case at bar are within the provisions of the statute and a judgment has been entered in favor of one against the other. But has Annie Tipton testified to any fact that could be fairly considered as a "transaction" with Mrs. Newman, now deceased, and who owned the property at the time of the accident? The question cannot be answered by giving a dictionary definition of what constitutes a transaction. Counsel for petitioner cites numerous decisions and authorities undertaking to define a "transaction" within the purview of the statute. Thus in *Waggoner* v. *Dorris,* 17 Tenn. App. 420, 68 S. W. (2d) 142, it was said: "Transactions with intestate, as to which witness cannot testify, refer to things done in intestate's presence, to which he might testify of his personal knowledge, if alive, not to transactions out of his hearing and presence, though affecting liability of his estate." Also in *Bankers Trust Company* v. *Bank of Rockville Center Trust Co.,* 114 N. J. Eq. 391, 168 A. 733, 739, 89 A. L. R. 697, the Court uses the following language: "The test laid down for ascertaining what is a 'transaction with' the deceased, within the intendment of the statute, is 'to inquire whether, in case the witness testify falsely,

the deceased, if living, could contradict it of his own knowledge.' *Van Wagenen* v. *Bonnot et al.,* 74 N. J. Eq. 843, 70 A. 143, 145, 18 L. R. A., N. S., 400; *Campbell* v. *Akarman,* 83, N. J. L., 567, 83 A. 881.''

From the foregoing decisions and others, it is contended by petitioner ''measured by the test thus prescribed, this evidence was inadmissible.''

We cannot agree that *Waggoner* v. *Dorris,* supra, supports the petitioner's insistence since Annie Tipton's testimony did not relate to anything done *in the presence of the deceased,* but to the condition of the premises about which there could be little dispute. The case of Bankers Trust Company is not controlling because Mrs. Newman, if living, could not contradict the proven facts by Miss Tipton as to the defects complained of or dispute the nature and extent of her injuries. In a number of jurisdictions the language of statutes is so restrictive as to exclude the testimony of the plaintiff in tort actions. In Jones on Evidence, Vol. 3, Sec. 774a, p. 1412, the author says ''Ordinarily, the statute applies to tort actions as well as to actions ex contractu; *although this is not universally true.''* (Emphasis supplied.) In Wigmore on Evidence, Vol. 2, Sec. 578 the learned author argues with earnestness and ability that these statutes are promotive of evil in that they favor the dead as against the lawful claims of the living. It is there said: ''Are not the estates of the living endangered daily by the present rule, which bars from proof so many honest claims? Can it be more important to save dead men's estates from false claims than to save living men's estates from loss by lack of proof?'' But the argument merely shows the trend of modern thought as to the supposed evils which are said to be upon us by force of legislation. The Court

of Appeals frankly recognized the diversity of opinion in many courts as to whether the so-called "dead man's statute" is applicable in actions ex delicto, citing 58 Am. Jur., "Witnesses", Section 250, pages 163-164.

It cannot be doubted that the statute would apply in many tort actions in which the plaintiff undertakes to relate conversations and transactions had with the deceased. Thus in a suit for conversion of property the plaintiff would be competent to testify as to where he left it, i. e., in whose custody but could not testify as to, any admissions made by the deceased that he had received it or what had become of it. The statute does not inhibit testimony as to defects in property ascertained merely by observation. In an action ex delicto the plaintiff is not prohibited from describing that which is open to the unrestricted observation of any and all persons.

In *Krause* v. *Emmons,* 6 Boyce, Del., 104, 97 A. 238, 240, the Court held that it was permissible for the plaintiff in a tort action to testify "concerning physical facts learned, not from any transactions with or statements by the deceased, but from his own personal observation". The "dead man's statute" of Delaware is very similar in all respects to the Tennessee Statute. In construing the Code Section in the above case it was said: "In giving such testimony the witness would not be testifying 'as to any transaction with or statement by the testator.' "

The ruling of the Court of Appeals is correct and its judgment is affirmed.

All concur.