MARY JANE CHRISTOFIEL et al. v. GLENN
JOHNSON, Administrator—290 S. W. (2d) 215.

Eastern Section. January 11, 1956.

Petition for Certiorari denied by Supreme Court, April 5, 1956.

Hodges & Doughty, Knoxville, for plaintiffs in error.

Clyde W. Key, Knoxville, for defendant in error.

McAMIS, P. J. The plaintiff, Mary Jane Christofiel, claims to have sustained personal injuries while riding in an automobile operated by defendant's intestate, Kyle Anderson Wells. The trial court, following Waggoner v. Dorris, 17 Tenn. App. 420, 68 S. W. (2d) 142, held incompetent, as relating to a ''transaction'' with the intestate, plaintiff's proffered testimony that she was in an automobile operated by the deceased and that it was being operated at 90 miles per hour into an intersection when it overturned killing the driver and injuring her. George Christofiel, father of Mary Jane Christofiel, sued in a separate count of the declaration for medical ex-

penses incurred in the treatment of his daughter. Plaintiffs offered no further testimony and the Court directed a verdict for the Administrator. From the judgment dismissing the suit and overruling their motion for a new trial plaintiffs appeal insisting the Court erred in applying the "Dead Man's Statute", Code, sec. 9780, providing:

"In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the others as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party."

The case seems to be presented to us as turning largely on whether a tort action involves a "transaction" in the sense of the statute. Counsel for the administrator cite and rely upon Newman v. Tipton, 191 Tenn. 461, 234 S. W. (2d) 994, 997 and quote from Mr. Chief Justice Neil's opinion the following statement:

"It cannot be doubted that the statute would apply in many tort actions in which the plaintiff undertakes to relate conversations and transactions had with the deceased. Thus in a suit for conversion of property the plaintiff would be competent to testify as to where he left it, i. e., in whose custody but could not testify as to any admissions made by the deceased that he had received it or what had become of it. The statute does not inhibit testimony as to defects in property ascertained merely by observation. In an action ex delicto the plaintiff is not prohibited from describing that which is open to the unrestricted observation of any and all persons."

It will be observed that the Court said that the statute would apply in tort actions *"in which the plaintiff undertakes to relate conversations and transactions had with the deceased"* but that it would not apply where the plaintiff in an action ex delicto does not undertake to testify to such matters but confines his testimony to "that which is open to the unrestricted observation of any and all persons", as illustrated by the testimony of a plaintiff in an action of conversion as to where he left the property and in whose custody. It was also said that the statute would not exclude testimony as to defects in property, one of the questions involved in that case.

We think it would be pressing that case too far to say that it holds that the statute applies in all tort actions and to testimony of the survivor as to each and every fact necessary to sustain liability. In fact, that was a tort action wherein the plaintiff sued to recover for personal injuries sustained prior to the death of the intestate Mrs. Newman. The plaintiff, in an action against Mrs. Newman's administrator, was permitted to testify as to the alleged location of a step and poor lighting within the store.

██ To say that the statute does or does not apply in a tort action tends to confusion and, we think, attempts to differentiate between tort actions and actions ex contractu in applying the statute account for much of the seeming conflict in cases from other jurisdictions. In our view, as demonstrated by Newman v. Tipton, supra, it cannot be said that in tort actions there can be no such thing as a "transaction" falling within the proscriptions of the statute. Nor can it be accurately said that everything pertaining to an action ex contractu is a "transaction" in the sense of the statute. Illustrative cases of

the ex contractu class include Minnis v. Abrams, 105 Tenn. 662, 58 S. W. 645; Klein v. York, 149 Tenn. 81, 257 S. W. 861, 31 A. L. R. 452; Brown v. Fuqua, 9 Tenn. App. 22.

Minnis v. Abrams is typical of the others. That was a suit to collect the balance due on a promissory note and to enforce a vendor's lien. The complainant relied on a new promise tolling the statute of limitations contained in a letter written by the maker of the note, since deceased. The court there said:

"The policy of the statute is to provide that, when one of the parties to a litigated transaction is silenced by death, the other shall be silenced by law. 1 Whart. Ev. sec. 466. It will be observed that the statute simply excludes proof of transactions with or statements by the deceased, but does not make the surviving party incompetent as to other matters. We do not think proof by the surviving party that he had a letter in his possession, and that the letter is in the handwriting of the deceased, is in contravention of the statute. These are independent facts which we hold may be proven by either party to the suit."

Newman v. Tipton, supra, makes it plain that Tennessee rejects the view that the statute cannot apply in tort actions. According to the plain language of the opinion, it does apply to "transactions" with the decedent though not to independent facts or observation of that which can be seen by any and all persons. This Court, citing 58 Am. Jur.,[1] Witnesses, Sec. 250, pages 163-164, held in Newman v. Tipton, supra, that the sounder rule is that the statute does not apply to all aspects of a tort action.

---

[1] Opinion unpublished.

We see nothing in the opinion of the Supreme Court in that case to the contrary.

 So, we think, it would over simplify the problem to make the competency of the witness turn on the question of whether the action is in tort or ex contractu. The real question is whether, in a given case, the proffered testimony relates to a "transaction with or a statement by the deceased." In this case plaintiff by her own testimony could not establish that at the time of the accident she was an unwilling passenger; that defendant was a carrier for hire or even that she was his guest. Her relationship and how it came about would involve a transaction with the deceased. But it is not essential that she establish her relationship to the deceased. All she is required to do is place herself in such position that the deceased owed her the duty to exercise care not to injure her. Whether she was in or out of the car and how the defendant was operating it are independent facts which any and all persons could observe. We think she was a competent witness as to such facts.

The opinion in Waggoner v. Dorris, 17 Tenn. App. 420, followed by the able Circuit Judge, quotes from Morris v. Norton, 6 Cir., 75 F. 912, 922, a statement that "transaction" with the intestate means something "done in his presence, to which he might testify of his personal knowledge, were he alive, and *not to transactions out of his hearing and presence, though they may affect the liability of his estate.*" The question being considered in that case dealt with the right of a purported maker of a note to show that he signed as surety and on condition the maker obtain another surety before delivering the note to the payee whose administrator brought the suit. The Court held that, since the payee was not a party to the

alleged agreement and was not present when it was made, it was not a transaction within the sense of the statute. It is, therefore, apparent that only the italicized portion of the quotation supported the conclusion of the court in that case and if it was the intention to approve the remainder it was obiter dictum. Doubtless, it was included only because it was a part of the same sentence or else was cited only arguendo.

The view indicated is supported by Seligman v. Orth, 205 Wis. 199, 236 N. W. 115; McCarthy v. Woolston, 210 App. Div. 152, 205 N. C. S. 507; Krantz v. Krantz, 211 Wis. 249, 248 N. W. 155; Rankin v. Morgan, 193 Ark. 751, 102 S. W. (2d) 552, all of which involved the right of the survivor of an automobile accident to testify, in an action against the driver's estate, as to events leading up to the accident, the place where it occurred and the plaintiff's observation of the driver's movements and his manner of operating the automobile. In all of these cases, at least one of which was a guest case, the testimony was admitted under statutory provisions similar to ours on the following or similar reasoning:

"We do not regard these questions and answers as dealing with a personal transaction or communication with decedent. They are the history of an event in which the decedent, with others, was involved, but not one personal between him and the witness. It was partly, also, a description of what the driver of the car was doing, and in part a description of the place where the accident occurred, and of the individual acts of the defendant in driving his car and in seeking to avert an accident. The defendant was competent to testify to any relevant matter, not being a transaction with the decedent personally.

Card v. Card, 39 N. Y. 317." [210 App. Div. 152, 205 N. Y. S. 509.]

"The acts of Woolston, Jr., would naturally have been the same, had McCarthy not been present. They did not arise primarily in any transaction or communication between them. If McCarthy, sitting on the rear seat, had said anything to the witness in the matter of giving warning or directions as to the operation of the car, he would have been prohibited from testifying on that subject. Griswold v. Hart, 205 N. Y. 384, 98 N. E. 918, 42 L. R. A., N. S., 320, Ann. Cas. 1913E, 790. Very likely, too, his testimony as to where McCarthy was seated in the car, or what the latter did after being invited to ride, would have been incompetent. But as to the acts of the other driver and his own in the emergency confronting him, and the physical conditions present, we think he was competent to testify." McCarthy v. Woolston, supra. See also Krause v. Emmons, 6 Boyce, Del., 104, 97 A. 238, 240, cited to the concluding portion of the opinion in Newman v. Tipton, supra.

Defendant strongly relies upon Boyd v. Williams, 207 N. C. 30, 175 S. E. 832. In that case a widow sued her deceased husband's administrator for personal injuries sustained by reason of alleged negligence of the husband in driving the car in which the plaintiff was riding. We infer that the Court was influenced by a liberal construction of a statute to prevent placing "one of the parties at the mercy of the other, by allowing one to speak in his own behalf, when he is under the power and influence of self-interest, by silencing the other so that he cannot reply." Brown v. Adams, 174 N. C. 490, 93 S. E. 989, 992 L. R. A. 1918C, 911, cited in the opinion.

■ This is not the rule of construction in Tennessee. On the contrary, as reiterated by Chief Justice Neil in Newman v. Tipton, supra [191 Tenn. 461, 234 S. W. (2d) 996], " 'This statute can not be extended by the courts to cases not within its terms, upon the idea that they fall within the evil which was intended to be guarded against. As an exception, it must be strictly construed *as against the exclusion of the testimony, and in favor of its admission.'* "

Reversed and remanded with costs of appeal to defendant in error. Other costs will abide the final result.

Hale and Howard, JJ., concur.