# CHARLES L. WATTS, Appellant, v. SAMUEL A. RAYMAN, Administrator C.T.A., Appellee. —462 S.W.2d 520.

Western Section. October 13, 1970.

Certiorari Denied by Supreme Court January 18, 1971.

334

Robert M. Burton, Memphis, for appellant.

Lee L. Piovarcy, and Martin, Tate, Morrow & Marston, Memphis, for appellee.

MATHERNE, J. This lawsuit involves a claim filed against the estate of Ralph Lamar Watts who died testate on August 10, 1969.

The claimant Charles L. Watts, brother of the deceased, filed a sworn claim wherein he alleged his deceased brother held for claimant the sum of $5,000.00 cash at the time of his death. The claimant by affidavit alleged he did several years ago turn over to his brother for safekeeping $5,000.00 cash; at a later date claimant's brother turned over to claimant $30,000.00 cash for safekeeping, which amount included the $5,000.00 which claimant had previously turned over to his brother. The affidavit alleged claimant held the $30,000.00 cash in a lock box for about one year, and then deposited that amount in three different banks in St. Louis, Missouri, at interest. The deposits so made were in the name of the deceased brother, Ralph Lamar Watts. The affidavit avers claimant never received back the $5,000.00 he turned over to his brother, and he is entitled to that amount from his brother's estate.

The Administrator C.T.A. filed exceptions to the claim, and a hearing was had before the Probate Judge on the claim and the exceptions thereto. The Probate Judge dismissed the claim on his holding, ''That the claimant has

not proved to the satisfaction of the Court what amount, if any, was due him by the Estate * * *"

On appeal to this Court the claimant assigns as error: (1) The judgment of the Court is against the greater weight of the evidence; (2) The Court erred in excluding certain testimony of the claimant; and (3) The Court erred in disallowing the claim.

The controlling assignment is number (2) above listed. If the Probate Judge is correct in his ruling on that issue, the other assignments are without merit.

The claimant testified he deposited for his brother $30,000.00 in three banks at St. Louis, Missouri. These deposits were effected through the Commercial and Industrial Bank of Memphis, Tennessee. That bank gave the claimant receipts identifying those deposits. The St. Louis banks mailed statements concerning earned interest and amount on deposit to claimant's deceased brother in care of the claimant at claimant's address in Memphis, Tennessee. These receipts and statements were surrendered by claimant to the attorneys representing his brother's estate.

The claimant stated the amount of his claim was $5,-000.00 whereupon he was asked to explain "what transpired between him and the decedent to give rise to this claim." Objection was made and sustained to this proposed testimony as being inadmissible under T.C.A. sec. 24-105, commonly known as the "dead man's statute."

The claimant was asked whether the $5,000.00 "he turned over to his deceased brother for safe keeping was ever returned to him and whether he claimed that the estate owed him that sum of money." An objection was sustained to this question based upon T.C.A. sec. 24-105.

Claimant introduced the testimony of an official of the Commercial and Industrial Bank to the effect claimant did deposit with three St. Louis Banks the sum of $30,000.00 cash. These deposits were made in the name of the deceased brother, and were made on recommendation of this witness to the deceased brother. The reason for the deposits in the St. Louis banks was to receive a higher rate of interest than was obtainable in Memphis.

Claimant introduced the testimony of Joe M. Lambirth an employee of the deceased brother. This witness stated he was a close friend of the decedent as well as a trusted employee. The witness stated the deceased brother would often leave bonds and other securities with the witness for safekeeping. The witness stated the deceased brother told the witness about the deposit of $10,000.00 in savings with three different St. Louis banks; the decedent stated a part of the money so deposited belonged to the claimant Charles L. Watts. This witness stated the decedent gave to the witness a piece of paper (Exhibit #8 in the Record) on which is listed the names of three banks in St. Louis with the figure "10" beside each name. The witness stated he kept the piece of paper and he, the witness, wrote thereon the words "Mr. Watts and Charlie." The witness surrendered this instrument to the attorneys representing the claimant. This witness testified the decedent never said what amount of the money on deposit in St. Louis belonged to the claimant.

The foregoing constitutes the substance of all the evidence introduced on behalf of the claimant. It is readily apparent there is no proof upon which the claim could be allowed, unless the claimant be permitted to testify as to transactions he had with his deceased brother so as to

establish the basic facts alleged in the affidavit filed with the claim.

The statute (T.C.A. sec. 24-105) under which the testimony of the claimant was rejected is as follows

*"Transactions with decedent or ward.*—In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party. Provided, if a corporation be a party, this disqualification shall extend to its officers of every grade and its directors.''

■ Obviously this is a proceeding against an Administrator C.T.A. wherein a judgment is sought against him as representative of the estate involved. The statute under these circumstances intended to prevent the testimony of the living against the dead as to transactions between the claimant and the decedent. Newman v. Tipton (1950) 191 Tenn. 461, 234 S.W.2d 994.

■ Within the meaning of the statute "transaction with or a statement by" the deceased pertain to matters of personal communication between the claimant and the deceased. For a review of the cases on this point see the opinion written by Presiding Judge McAmis in Christofiel v. Johnson (1956) 40 Tenn.App. 197, 290 S.W.2d 215.

■ The excluded testimony does fall within the prohibition set up by the statute. Basically the matters and transactions as set out in the affidavit filed with the claim relate directly to personal communications and actions between the claimant and the deceased. The testimony

being excepted to was properly disallowed by the Probate Judge. First National Bank v. Howard (1957) 42 Tenn. App. 347, 302 S.W.2d 516.

It results all Assignments of Error are overruled and the judgment of the Probate Court dismissing the claim is affirmed. Cost of this appeal is adjudged against the appellant.

Carney, P. J., and Nearn, J., concur.