WM. BINGHAM v. F. M. LAVENDER et als.

EVIDENCE. *Deposition of defendant evidence after death of complainant. When.* Under the Act of 1869–70, ch. 78, Thomp. & Steg. Code, sec. 3813a, if a complainant, after issue joined or made, take and file his own deposition as evidence, and then die, the defendant may after such death give his deposition, which will be competent evidence on the trial.

FROM WILLIAMSON.

Appeal from the Chancery Court at Franklin. W. S. FLEMING, Chancellor.

HICKS & BOND for complainant.

J. G. WALLACE for defendants.

TURNEY, J., delivered the opinion of the court.

Complainant filed this bill in the chancery court at Franklin, claiming to be the owner of a note described in the bill.

The answer denies the right, and sets up alleged transactions between complainant and defendant Lavender, which, if sustained by proof, defeat complainant.

After the issue made by the pleadings, Bingham took and filed in the cause his own deposition, and afterwards died. After the death of Bingham, Lavender took and filed his deposition, upon the same points of controversy as that of Bingham, which was excepted to. The question is, was the deposition competent evidence under the Act of 1869–70, chap. 78; sec. 2, Thompson & Steger's Code, sec. 3813*a?*

This act was intended to give to parties litigant equal rights, that all in interest should be allowed to testify; and to give this exact equality of right, it provided against the competency of the living against the dead — going upon the theory that death having silenced the one, the law should silence the other; that both or neither must be able and competent to testify in contemplation of law; that if one testified, the other might and could.

In this case the complainant did testify on the issues made; he had all the rights the law could bestow. At his death, his testimony in the form of deposition was a part of the record in the cause, and through it he spoke in his own behalf as a witness as effectually as if he had been living. The advantage of the living over the dead intended to be guarded against by the statute, does not obtain in this

case, nor was a case like the present contemplated in the passage of the law. Lavender was a competent witness under the circumstances.

Complainant has failed to make the case presented by the bill.

The decree will be affirmed.