IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 9, 2004 Session

## ESTATE OF CLYDE M. FULLER v. SAMUEL EVANS, ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 98-C-2355     Jacqueline E. Schulten, Judge**

_____

**No. E2004-00801-COA-R3-CV - FILED DECEMBER 29, 2004**

_____

The issue in this case is whether the Counter-Plaintiff may testify at trial regarding transactions and conversations with the deceased Counter-Defendant when the deceased Counter-Defendant's pre-trial discovery deposition had been taken, but was incomplete. We hold that the trial court, pursuant to the Dead Man's Statute, properly prohibited the Counter-Plaintiff from testifying about transactions and conversations with the deceased Counter-Defendant. Therefore, we affirm the ruling of the trial court and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Cause Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Michael E. Richardson, Chattanooga, Tennessee, for the Appellants, Samuel and Patty Evans.

William T. Alt, Chattanooga, Tennessee, for the Appellee, Estate of Clyde M. Fuller.

### OPINION

This case arises out of business transactions between Clyde M. Fuller, whose Estate is the Appellee in this appeal, and the Appellant, Patty Evans, with respect to investments Mrs. Evans made in a limited partnership designated Sonic Petroleum, Inc. which was set up by Mr. Fuller for the purpose of drilling exploratory and developmental oil and gas wells in Tennessee.

On June 18, 1998, Mr. Fuller filed a complaint in the Chancery Court for Hamilton County against the Appellants, Samuel and Patty Evans, alleging that the Evans had defamed him in connection with the drilling venture and requesting an injunction against them and an award of compensatory and punitive damages. Among other things, the complaint specifically alleges that the Evans authored, approved and caused to be published in several places in and outside Tennessee, and specifically in Hamilton County, Tennessee, two writings which defamed the plaintiff by

accusing him of engaging in a fraudulent scheme to "bilk millions of dollars from a small group of innocent and unsophisticated individuals. The purpose of such libelous publications was to threaten, intimidate and embarrass plaintiff to coerce him into paying money to defendants." Further, the complaint alleges that the defendants claimed in their libelous publications that the plaintiff, acting as general partner of an entity known as Sonic Petroleum Co., Inc., made false statements to investors in order to cause them to invest money in a limited partnership oil well drilling program. Further that defendant Patty Evans, along with others, invested money in the well drilling program which created tax incentives for investors as well as the possibility of the drilling program giving rise to producing wells.

The case was subsequently transferred to the Hamilton County Circuit Court and on January 27, 1999, the Evans responded to Mr. Fuller's complaint by answer and counter-complaint for compensatory and punitive damages. The response denies Mr. Fuller's accusations of defamation and Patty Evans avers, *inter alia*, that Mr. Fuller "made fraudulent and/or negligent misrepresentations of fact which induced her to enter into the investment" and "made fraudulent and/or negligent misrepresentations of fact and false and misleading promises and assurances to keep her from earlier discovering that her investment in Sonic Petroleum was worth little, if anything." The Evans' counter-complaint also accuses Mr. Fuller of outrageous conduct asserting that "Fuller's complaint was motivated by an improper attempt to keep them from exercising their constitutional rights to freedom of expression." The counter-complaint further charges Mr. Fuller with abuse of process in bringing the defamation action and with conspiracy to extort money from Patty Evans by threatening to confiscate her investment interest in the partnership if she refused to pay additional money.

Discovery commenced in the case and on May 24, 2000, the discovery deposition of Mr. Fuller began. We note that this was a discovery deposition and not a deposition for proof. Questioning of Mr. Fuller was only conducted by counsel for the Evans and no questions were asked by Mr. Fuller's counsel. Moreover, the deposition was adjourned prior to its completion. The deposition transcript concludes with the following exchange between counsel for the Evans and Mr. Fuller:

Q Just to kind of move this along because it's about time - -

A Have you got something to do?

Q Yeah. How about you?

A I ain't got nothing to do.

Q I got to be somewhere at 3 o'clock.

A You're going to have to hurry. I thought we had another deposition today.

Q We do.  Mr. Evans.

A When?

MR. RICHARDSON: Well, we're going to have - -

(Whereupon, an off-the-record discussion was had, and the deposition was adjourned.)

The case was scheduled for trial on November 13, 2002; however, Mr. Fuller was required to undergo lung surgery and trial was reset to April 23, 2003, to allow for his recuperation.  A few weeks later Mr. Fuller died, his estate was substituted as a party in the case, and trial was again reset for January 15, 2004.

Prior to the last scheduled date of trial, Mr. Fuller's estate filed several motions.  One of these was a motion in limine which requested that, pursuant to Tenn. Code Ann. § 24-1-203, the trial court bar the Evans "from  testifying as to transactions with or statements made by Mr. Fuller."

The trial court granted the Estate's motion to bar the Evans' testimony by memorandum opinion entered January 12, 2004.  The memorandum opinion indicates that the motion is dispositive of the issues in the Evans' counter-complaint and further states:

> To support the allegations against the Plaintiff by Defendants requires proof of statements and transactions between the parties.  Further, no completed recorded testimony of the decedent exists.  The Court cannot contemplate how the Defendants would be able to prove any of the allegations in their Counter-Petition with competent, relevant proof.

A subsequent motion filed by the Evans to alter or amend the above ruling or, in the alternative, grant an interlocutory appeal was denied by order of the trial court entered March 9, 2004. This order dismisses the Evans' counter-claim and further decrees:

> [T]hat the Defendant's Motion to Alter or Amend the Memorandum Opinion of January 12, 2004, is in all respects denied.  It was made to appear that though defendants had begun taking Mr. Clyde Fuller's deposition, it was not completed during the next two year period, which ended with the death of Mr. Fuller following an extended illness, of which the defendants were fully aware and despite the scheduled trial of this case, which was required to be postponed due to Mr. Fuller's illness.  Since the record of Mr. Fuller's testimony was not completed as to the relevant subjects, it is the Court's opinion it would be unfair to allow either side to use part of such a record;

The Court finds that its present rulings as to plaintiff's motions in limine, together with its holding in its Memorandum Opinion, effectively bars the defendants from offering any evidence on all the remaining claims contained in their counterclaim, namely fraud, negligent misrepresentation, promissory fraud, or, outrageous conduct. Since there is no evidence by any third party who would support the allegations of the defendant, Patty Evans, but all the evidence on those issues would come solely from her and she is rendered incompetent to testify as to discussions with the deceased plaintiff pursuant to T.C.A. § 24-1-203, commonly referred to as the Dead Man's Statute. While, as noted above, a deposition of a party, if completed, may be used at trial for any purpose, for the reasons stated above, the incomplete deposition will not be permitted to be used in this case. Defendants' counsel acknowledges the rulings prevent the defendants from offering any proof as to such causes of action.

The Evans appeal the memorandum opinion entered January 12, 2004, and the order entered March 9, 2004.

The sole issue addressed in this appeal is whether the trial court erred in prohibiting Patty Evans from testifying as to transactions or conversations between herself and Clyde Fuller.

We have heretofore stated the standard governing our review of a trial court's decision to exclude evidence as follows:

The admission or exclusion of evidence is within the trial court's discretion. The discretionary nature of the decision does not shield it completely from appellate review but does result in subjecting it to less rigorous appellate scrutiny. Because, by their very nature, discretionary decisions involve a choice among acceptable alternatives, reviewing courts will not second-guess a trial court's exercise of its discretion simply because the trial court chose an alternative that the appellate courts would not have chosen.

Discretionary decisions require conscientious judgment. They must take the applicable law into account and must also be consistent with the facts before the court. Appellate courts will set aside a discretionary decision only when the trial court has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of the evidence. Thus, a trial court's discretionary decision should be reviewed to determine: (1) whether the factual basis for the decision is supported by the evidence, (2) whether the trial court identified and applied the applicable legal principles, and (3) whether the trial court's decision is within the range of acceptable alternatives. Appellate courts should permit a discretionary decision to stand if reasonable judicial minds can differ concerning its soundness.

*White v. Vanderbilt University*, 21 S.W.3d 215, 222-223 (Tenn. Ct. App. 1999) (citations omitted.)

We begin with a review of the Dead Man's Statute, Tenn. Code Ann. § 24-1-203, which provides in pertinent part as follows:

> In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party.

The Evans concede that "on its face the Dead Man's Statute would seemingly prohibit Patty Evans from testifying against Clyde Fuller about their prior business transactions, since Mr. Fuller is now dead." However, the Evans argue, "the reason for the rule ( Dead Man's Statute) simply does not apply to a case when the decedent has been deposed and the deposition is available to offer to the judge or the jury the decedent's version of the disputed facts." The Evans set forth three reasons for their assertion that the trial court erred in excluding Mrs. Evans' testimony under the statute:

> First of all, the Appellant submits that the discovery deposition of Fuller taken by Evans' counsel, was completed as to the relevant subjects upon which Mrs. Evans will testify to at trial. Secondly, Fuller and his counsel were more aware than Evans and Evans' counsel of the severity of any illness from which Mr. Fuller was suffering and Fuller, through counsel, had every opportunity to take an additional or second deposition of Fuller in order to preserve Fuller's testimony for trial or later use. Finally, the court seems to be engaging in a balancing act when she determines it would be unfair to allow use of Fuller's testimony and the Appellant would suggest that such a balancing act is not contemplated by the Dead Man's Statute or by the case law which has interpreted and applied the Dead Man's Statue.

We do not agree with the assertion that "the deposition was completed as to the relevant subjects upon which Mrs. Evans will testify to at trial." It cannot be known what additional information regarding contested matters might have been elicited from Mr. Fuller under cross examination by his own attorney. Pending completion of the deposition, the possibility remained that Mr. Fuller might clarify, modify or even recant his previous testimony. The trial court determined that the deposition was not complete. After reviewing Mr. Fuller's deposition and the entire record, we will not second-guess the trial court's determination regarding the incompleteness of the deposition.

The statement that Mr. Fuller and his counsel were more aware than were the Evans of the severity of Mr. Fuller's condition is a conclusory statement which is not supported by reference to the record. The assertion that Mr. Fuller had the opportunity to give an additional deposition does not belie the fact that the deposition as taken was incomplete and it is the Evans, not Mr. Fuller's

estate, who seek to have Mrs. Evans' testimony allowed at trial based upon Mr. Fuller's deposition. As we have noted, the deposition was evidently adjourned at the behest of counsel for the Evans and had this not happened it is possible that the deposition would have continued to completion. We believe that any objection based upon the failure to take advantage of an opportunity to conclude the deposition is appropriately raised by the Fuller Estate, not the Evans.

Likewise we find no basis for the Evans' argument that the trial court erred by engaging in a "balancing act" not contemplated by the Dead Man's Statute or by case law interpreting that statute. It is inevitable that a trial court will engage in a "balancing act" when it makes a discretionary decision such as the one the trial court was required to make in this case. Furthermore, the Evans fail to cite any authority for their statement that case law interpreting the Dead Man's Statute indicates that a balancing analysis is inappropriate in the context of this statute.

The Evans rely upon three cases in which it was held that the Dead Man's Statute does not preclude the admission of testimony when the deposition of the decedent is in evidence - *Bingham v. Lavender*, 70 Tenn. 48 (Tenn. 1878); *McDonald v. Allen*, 67 Tenn. 446 (Tenn. 1874); and *Bernard v. Reaves*, 178 S.W.2d 224 (Tenn. App. 1943). We do not disagree with the holding in these cases, however, in none of these cases is it indicated that the decedent's deposition was incomplete as in the case now before us. The incompleteness of Mr. Fuller's deposition distinguishes this case from the cases cited by the Evans.

In *Bingham, supra* at pages 48-49, the Tennessee Supreme Court made the following observation with respect to the purpose of the Dead Man's Statute, then embodied at Acts 1869-70, chap. 78, §2:

> This act was intended to give to parties litigant equal rights, that all in interest should be allowed to testify; and to give this exact equality of right, it provided against the competency of the living against the dead - - going upon the theory that death having silenced the one, the law should silence the other; that both or neither must be able and competent to testify in contemplation of law; that if one testified, the other might and could.

We recognize that Tennessee case law holds that the Dead Man's Statute is to be strictly construed against exclusion of testimony. *Haynes v. Cumberland Bldrs., Inc.*, 546 S.W.2d 228 (Tenn. Ct. App. 1976). However, it is our determination that Mr. Fuller's incomplete deposition does not provide his estate with rights equal to those conferred upon the Evans should Mrs. Evans' testimony regarding conversation and transactions with Mr. Fuller be allowed.

The exclusion of Mrs. Evans' testimony regarding transactions and conversations was properly within the discretion of the trial court. We find that there was a factual basis for the decision that was supported by the evidence; that the trial court identified and applied the applicable legal principles; and that the trial court's decision was within the range of acceptable alternatives. Therefore, we affirm the trial court's decision to exclude Mrs. Evans' testimony.

We further note that the trial court's order of March 9, 2004, states that counsel for the Evans acknowledges that this ruling, along with other rulings in the case, prevents the Evans from offering any proof as to any causes of action asserted in their counter-complaint against Mr. Fuller and counsel for the Evans conceded in oral argument before this Court that our affirmation of the trial court's ruling excluding Mrs. Evans' testimony would effectively dispose of the causes of action asserted by the Evans in their counter-complaint. Accordingly, we agree with the trial court's dismissal of such counter-complaint.

For the foregoing reasons, the judgment of the trial court is affirmed and the cause remanded for action consistent with this opinion. Costs of appeal are adjudged against Samuel and Patty Evans and their surety.

_____
SHARON G. LEE,  JUDGE